**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEITH T. FRIERSON, | No. 15-35057 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-05342-JRC |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
J. Richard Creatura, Magistrate Judge, Presiding

Submitted July 10, 2017[**]

Before: NELSON, TROTT, and OWENS, Circuit Judges.

Keith Frierson appeals the district court's decision affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits and supplemental security income under Titles II and XVI of the Social

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Security Act.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo,

*Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012), and we affirm.

The administrative law judge ("ALJ") provided specific and legitimate reasons, supported by substantial evidence, for according little weight to the contradicted portion of the opinion of Kathleen Mayers, Ph. D., an examining psychologist, by explaining that Dr. Mayers's opinion regarding Frierson's possible inability to maintain attention and concentration through a full workday (1) was contradicted by the overall record, including evidence of his work history prior to the alleged onset of disability, and (2) was based on Frierson's unreliable self-reports.  *See id*. at 1160.  Substantial evidence supports the ALJ's finding that, despite his cognitive limitations, Frierson was performing substantial gainful activity up to his alleged disability onset date.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (upholding the ALJ's conclusion that longstanding limitations did not affect the claimant's ability to work when they had not done so in the past).  The ALJ also properly reasoned that Dr. Mayers's opinion was based on Frierson's unreliable subjective complaints.  *See Burrell v. Colvin*, 775 F.3d 1133, 1140-41 (9th Cir. 2014) (holding that an ALJ may reject a doctor's opinion that is based on a claimant's self-reports that have been found not credible).  Further, Dr. Mayers's opinion regarding Frierson's possible inability to maintain attention and concentration through a full workday was not a specific, definite

2

statement of Frierson's limitations that, if credited, must be included in the ALJ's residual functional capacity finding. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 691-92 (9th Cir. 2009) (holding that the ALJ properly excluded doctor's non-imperative recommendation from residual functional capacity).

The ALJ provided several germane reasons for rejecting lay witness evidence, including contradictions between (1) the lay evidence and (2) the medical evidence and evidence of Frierson's activities. *See Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). The ALJ was not required to address each witness's statement individually, and properly provided reasons, such as inconsistency with the medical record, that were germane to all of the lay witnesses. *See id*. The ALJ properly relied on contradictions between the lay evidence and the medical record. *See Bayliss*, 427 F.3d at 1218. Substantial evidence supports the ALJ's reasoning regarding evidence of Frierson's activities. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). In addition, the ALJ provided another germane reason by explaining that many of the lay witness statements relied on information provided by Frierson, whose testimony had been found not fully credible. *See Valentine*, 574 F.3d at 694 (holding that the ALJ properly rejected lay witness's testimony for the same reasons she discounted the claimant's similar testimony).

3

The Commissioner met her burden, at step five of the sequential analysis, of proving that there were jobs existing in significant numbers in the national economy that Frierson could perform. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015). Frierson argues that the vocational expert's testimony was insufficient to meet the Commissioner's burden of proof because the expert explained on cross-examination that the 367,779 cleaner-housekeeping jobs she had identified in fact were the number of jobs in a group of three light, unskilled occupations defined in the Dictionary of Occupational Titles: cleaner-housekeeping, ironer, and laundry worker. The expert further testified, however, that a person of Frierson's age, education, work experience, and residual functional capacity, as set forth in the hypothetical posed by the ALJ, could perform all three of the occupations in the cleaner-housekeeper group. The ALJ therefore properly aggregated these three occupations in finding that Frierson could perform jobs existing in significant numbers in the national economy. *See Barker v. Sec'y of Health & Human Servs.*, 882 F.2d 1474, 1478-79 (9th Cir. 1989) (adding number of hospital laundry worker jobs to number of garment sorter jobs). The number 367,000 is "significant." *See Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 528-29 (9th Cir. 2014). Accordingly, as the district court concluded, any error regarding the two other jobs was harmless. *See Brown-Hunter v. Colvin*, 806 F.3d

4

487, 492 (9th Cir. 2015) (explaining that harmless error is error that is "inconsequential to the ultimate nondisability determination" (citation omitted)).

**AFFIRMED.**